UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSHUA RAMOS, :
    Plaintiff, :
: PRISONER
v. : CASE NO. 3:11-cv-679 (CFD)
:
MICHAEL LAJOIE, et al., :
    Defendants. :

## RULING AND ORDER

The plaintiff, incarcerated at Northern Correctional Institution, brings this civil rights action *pro se* and *in forma pauperis*. The plaintiff brings claims for supervisory liability and use of excessive force against defendants Michael Lajoie, Angel Quiros, Butkiewicz, Trifone and "Apollow." All defendants are named in their individual and official capacities.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550

U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), cert. granted sub nom., Ashcroft v. Iqbal, 128 S. Ct. 2931 (2008). But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)).

The plaintiff alleges that, on March 8, 2010, defendant Trifone allowed his canine "Apollow" to bite the plaintiff while the plaintiff was handcuffed and lying face-down on the ground. As a result of the dog bite, the plaintiff was taken to an outside hospital and received seven stitches on his right calf. The plaintiff asserts claims of supervisory liability against the remaining defendants.

Apollow has been named as a defendant. A dog is not a person within the meaning of section 1983. See Fitzgerald v. McKenna, No. 95 Civ. 9075(DAB)(HBP), 1996 WL 715531, at *7 (S.D.N.Y. Dec. 11, 1996) (court, on own motion, denied leave to amend to assert section 1983 claim against dog because "animals lack capacity to be sued). Accordingly, all claims against Apollow are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

For relief, the plaintiff seeks damages from the defendants in their individual and official capacities. The official capacity claims for monetary damages are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state

officials sued for damages in their official capacities); Quern v. Jordan, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). The claims against all defendants in their official capacities for money damages are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

After careful consideration, the Court concludes that the allegations against the remaining defendants warrant service of the complaint and an opportunity for the plaintiff to address the defendants' response to the his allegations.

### Orders

The Court enters the following orders:

(1) All claims against the Apollow and all claims against the defendants for monetary damages in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(iii).

(2) **The Pro Se Prisoner Litigation Office shall** verify the current work addresses for each defendant, Lajoie, Quiros, Butkiewicz and Trifone, with the Department of Correction Office of Legal Affairs, mail waiver of service of process request packets to each defendant in his individual capacity within fourteen (14) days of this Order, and report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)     Defendants Lajoie, Quiros, Butkiewicz and Trifone shall file their response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order. If they chooses to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

Entered at Hartford, Connecticut, this 14th of October, 2011.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge