UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


JOSHUA RAMOS,                    :
          Plaintiff,            :
                                :
     v.                          :     Case No. 3:11cv679(DJS)
                                :
MICHAEL LAJOIE, et al.,          :
          Defendant.            :


RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. #16]

     Plaintiff Joshua Ramos filed this action *pro se* under 42
U.S.C. § 1983 (2000).  He named as defendants Michael Lajoie,
Angel Quiros, David Butkiewicus, Joshua Trifone and K-9  Apollo.
The plaintiff alleged that defendant Trifone used excessive force
against him after an altercation in the recreation yard by
permitting Apollo to bite him even though he was complying with
all orders.  The Court previously dismissed all damages claims
against the defendants in their official capacities and all
claims against defendant K-9 Apollo as a dog cannot be sued.
[Doc. # 4.]  Defendants Lajoie, Quiros and Butkiewicus now move
to dismiss all claims against them.  For the reasons that follow,
the defendants' motion is granted and the case will proceed only
against defendant Trifone.

 I.  Standard of Review

     When considering a motion to dismiss, the Court accepts as
true all factual allegations in the complaint and draws

inferences from these allegations in the light most favorable to the plaintiff. *See Pena v. DePrisco,* 432 F.3d 98, 107 (2d Cir. 2005). The Court considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim. *See York v. Association of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir. 2002).

In reviewing the complaint in response to a motion to dismiss, the court applies a "plausibility standard," which is guided by two working principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the requirement that the court accept as true the allegations in the complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief. Determining whether the complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Even under this standard, however, the court liberally construes a *pro se* complaint. *See Boykin v. KeyCorp*, 521 F.3d 202, 213-14, 216 (2d Cir. 2008).

II.  <u>Facts</u>

On March 8, 2010, the plaintiff and several other inmates attended recreation in the north recreation yard.  When an altercation broke out, a code blue was called.  One of the responding correctional officers ordered the inmates to lie face down on the ground.  The plaintiff complied with the order. Shortly thereafter, defendant Trifone entered the recreation yard and allowed Apollo to bite the plaintiff's leg.  The plaintiff received medical treatment at the UCONN Health Center.  Following the incident, the plaintiff informed defendants Lajoie, Quiros and Butkiewicus that he had been bitten, but they failed to investigate the incident or reprimand defendant Trifone.

III. <u>Discussion</u>

Defendants Lajoie, Quiros and Butkiewicus, all supervisory officials, contend that they lack personal involvement in any constitutional violation and also are protected by qualified and statutory immunity.

Because the doctrine of *respondeat superior* is inapplicable in section 1983 cases, *see Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999), supervisors are not automatically liable under section 1983 when their subordinates commit a constitutional tort.  For many years it was well settled in this circuit that there were five ways to demonstrate the personal involvement of a supervisory defendant:  (1) the defendant directly participated

in the alleged constitutional violation, (2) after he was
informed of the violation through a report or appeal, the
supervisory defendant failed to remedy the wrong, (3) the
supervisory defendant created a policy or custom pursuant to
which the constitutional violation occurred or permitted such a
policy or custom to continue, (4) the defendant was grossly
negligent in supervising the subordinates who committed the
wrongful acts, or (5) the defendant was deliberately indifferent
to the plaintiff's rights by failing to act on information that
unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d
865, 873 (2d Cir. 1995).  In addition, the plaintiff must
demonstrate an affirmative causal link between the supervisory
official's failure to act and his injury. *See Poe v. Leonard*,
282 F.3d 123, 140 (2d Cir. 2002).

The decision in *Iqbal* caused many courts to question this
issue.  In *Iqbal,* the Supreme Court  rejected the argument that
"a supervisor's mere knowledge of his subordinate's
discriminatory purpose amounts to the supervisor's violating the
Constitution," concluding that "each Government official, his or
her title notwithstanding, is only liable for his or her own
misconduct."  556 U.S. at 677.

Since *Iqbal*, some districts courts within this circuit have
determined that not all five of *Colon's* categories of conduct
that may give rise to supervisory liability remain viable. *See*

-4-

*e.g., Bellamy v. Mount Vernon Hospital*, No. 07 Civ. 1801(SAS), 2009 WL 1835939 at *6 (S.D.N.Y. June 26, 2009) ("The Supreme Court's decision in *Iqbal v. Ashcroft* abrogates several of the categories of supervisory liability enumerated in *Colon v. Coughlin*.   *Iqbal's* 'active conduct' standard only imposes liability on a supervisor through section 1983 if that supervisor actively had a hand in the alleged constitutional violation. Only the first and part of the third *Colon* categories pass *Iqbal's* muster. . . ."); *Bryant v. County of Monroe*, No. 09-CV-6415-CJS, 2010 WL 4877799 at *3 (W.D.N.Y. Nov. 22, 2010) ("The Court ... is persuaded by the analysis of ... *Iqbal* ... in *Bellamy*....").

Other district courts restrict application of *Iqbal* to cases involving discriminatory intent.   *See, e.g., Delgado v. Bezio*, No. 09 Civ. 6899(LTS), 2011 WL 1842294 at *9 (S.D.N.Y. May 9, 2011) ("It was with intent-based constitutional claims in mind, specifically racial discrimination, that the Supreme Court rejected [in *Iqbal*] the argument that a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution. Thus, where the claim does not require a showing of discriminatory intent, the *Colon* analysis should still apply, insofar as it is consistent with the particular constitutional provision alleged to have been violated." (internal quotation marks and citation omitted)).   The

-5-

Second Circuit has not yet addressed this issue.

This Court need not determine whether *Iqbal* applies in all cases or just those involving discriminatory intent, because the allegations against the defendants Lajoie, Quiros and Butkiewicus are insufficient to survive dismissal even under the *Colon* standard.  The plaintiff alleges that he did not tell defendants Lajoie, Quiros or Butkiewicus about the incident until after it was over.  Thus, they were not personally involved in and were not aware of any facts that would have enabled them to prevent the incident.  *See Odom v. Calero*, No. 06 Civ. 15527(LAK)(GWG), 2008 WL 2735868, at *7 (S.D.N.Y. Jul. 10, 2008) (holding that failure to remedy factor applies only to ongoing, hence correctable, violations).

Defendants Lajoie, Quiros and Butkiewicus were notified of the incident through the institutional administrative remedy process.  The receipt of a letter of complaint or an inmate grievance is insufficient to establish personal involvement of supervisory officials.  *See Manley v. Mazzuca*, No. 01CV5178(KMK), 2007 WL 162476, at *10 (S.D.N.Y. Jan. 19, 2007) (affirming denial of grievance insufficient to establish personal involvement of prison official); *Cox v. Colgane*, No. 94 Civ. 6361(DAB), 1998 WL 148424, at *9 (S.D.N.Y. March 27, 1998) (ignoring prisoner's letter of complaint and request for investigation insufficient to establish personal involvement in alleged constitutional

-6-

deprivation).

In addition, the plaintiff has alleged no facts suggesting that the incident was other than an unauthorized act by defendant Trifone.  Thus, none of the other *Colon* categories apply. The defendants' motion to dismiss is granted as to the claims against defendants Lajoie, Quiros and Butkiewicus.

IV.  Conclusion

The defendant's motion to dismiss [**Doc. #16**] is **GRANTED.** The case will proceed only on the claims against defendant Trifone.


SO ORDERED this 12th day of September 2012, at Hartford, Connecticut.


_____/s/ DJS_____
Dominic J. Squatrito
United States District Judge