```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


JOSHUA RAMOS,                    :
         Plaintiff,              :
                                 :
     v.                          :   Case No. 3:11-cv-679 (DJS)
                                 :
MICHAEL LAJOIE, et al.           :
         Defendants.             :
```

RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The plaintiff, currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, contends that the remaining defendant,[1] K-9 Officer Trifone, used excessive force on him when he permitted his dog to bite the plaintiff after the plaintiff had ceased struggling. The defendant has filed a motion for summary judgment. For the reasons that follow, the defendant's motion is denied.

I.   Standard of Review

A motion for summary judgment may be granted only where there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); In re Dana Corp., 574 F.3d 129, 151 (2d Cir. 2009). The moving party may satisfy his burden "by showing - - that is pointing out to the district court - - that there is an absence of evidence to support the nonmoving party's case."

---

[1] The plaintiff states in his opposition that the correctional dog Apollo continues to be a defendant in this case. Although Apollo has not been terminated on the court docket, the court dismissed all claims against the dog on October 18, 2011, in the Initial Review Order. See Doc. #4 at 2.

*PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks omitted).  Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  He must present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).  Merely verifying in an affidavit the conclusory allegations of the complaint, however, is insufficient to oppose a motion for summary judgment.  *Zigmund v. Foster*, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (citing cases).

   When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought.  *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 274 (2d Cir. 2009). If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate.  *Security Insurance Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  However, the existence of a mere "scintilla" of evidence supporting the plaintiff's position is insufficient to defeat a motion for summary judgment.  *Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir. 2008).

II. Facts[2]

On March 8, 2010, the plaintiff was confined at Northern Correctional Institution, a facility intended to manage inmates who pose a threat to institutional safety and security. The plaintiff has a history of disciplinary infractions including threats, assaults, fighting, interfering with safety and security, and escape.

In March 2010, the plaintiff was designated a member of the Security Risk Group Los Solidos. On the morning of March 8, 2010, the plaintiff entered the recreation yard with five other inmates. All of the inmates were handcuffed with their hands behind their back. Inmate #1 slipped his handcuffs to the front and attacked Inmate #2. The plaintiff also slipped his handcuffs to the front and began attacking Inmate #2. The plaintiff and Inmate #1 used weapons made from eyeglass arms wrapped with wire to stab Inmate #2 about the face, neck and head. Inmate #4 attempted to assist Inmate #2. The plaintiff, along with Inmates ##5 & 6 attacked Inmate #4 and returned to continue attacking Inmate #2. The attack was recorded on videotape.

A "code blue" was called and many correctional officers responded to stop the altercation. Defendant Trifone and his dog Apollo responded to the code. As defendant Trifone and Apollo

---

[2]The facts are taken from the parties' Local Rule 54(a) Statements and the exhibits provided by the parties.

entered the recreation yard, the plaintiff moved to an area not visible on the videotape. Apollo bit the plaintiff in the right leg. Defendant Trifone states that the plaintiff was refusing to get on the ground and drop his weapon when Apollo bit him. The plaintiff contends that he was on the ground and not resisting the officer before Apollo was ordered to bite him.

III. <u>Discussion</u>

In support of his motion for summary judgment, the defendant argues that he acted reasonably and in good faith to restore order, therefore the force used was not excessive. He also argues that he is protected by qualified immunity.

    A.   <u>Use of Excessive Force</u>

The use of excessive force against a prisoner may constitute cruel and unusual punishment even where the inmate does not suffer serious injuries. *See Hudson v. McMillian*, 503 U.S. 1, 4 (1992). The "'core judicial inquiry'" is "not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (quoting *Hudson*, 503 U.S. at 7).

The defendant argues that the decision to use Apollo was made in a good faith effort to restore order. He refers the

court to the videorecording of the incident.[3]  A review of the recording shows that, as soon as the defendant entered the recreation yard, the plaintiff moved to an area not visible on the camera.  Thus, the court cannot determine whether the plaintiff was continuing to resist, as argued by the defendant, or was complying with all orders, as claimed by the plaintiff.

As the court cannot resolve this credibility question on summary judgment, the motion for summary judgment is denied on this ground.

      B.    <u>Qualified Immunity</u>

Finally, the defendant contends that he is protected by qualified immunity.  A state official is protected by qualified immunity from a suit for damages unless the plaintiff can show that the state official violates a statutory or constitutional right and that the right was "clearly established" at the time of the alleged violation. *Ashcroft v. al-Kidd*, ___ U.S. ___, 131 S. Ct. 2074, 2080 (2011) (internal quotation marks omitted).  "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right."  *Id.*

---

[3]The court notes that the defendant has not submitted his own affidavit or even a copy of the incident report.  The only evidence submitted in addition to the recording is the affidavit of a supervisory official who states that he reviewed relevant documents and the recording.  As the only videotape submitted lacks audio and there is no view of the plaintiff, there is no objective evidence showing whether the plaintiff was resisting orders at the time he was bitten.

at 2083 (internal quotation marks and brackets omitted).  The court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate."  *Id.*  "If an official's conduct did not violate a clearly established constitutional right, or if the official reasonably believed that his conduct did not violate such a right, then he is protected by qualified immunity." *Walker v. Schult*, 717 F.3d 119, 126 (2d Cir. 2013).  When considering a claim of qualified immunity, the court need not consider these two questions in any particular order.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

As explained above, the court cannot determine whether the plaintiff was refusing to comply with orders to get on the ground and drop his weapon or was on the ground without a weapon at the time the defendant allowed Apollo to bite the plaintiff.  Until the trier of fact resolves this factual issue, the court cannot determine whether a reasonable correctional officer would have understood the defendant's actions to be a reasonable, good faith attempt to restore order.  The motion for summary judgment on the ground of qualified immunity is denied without prejudice.

IV. Conclusion

The defendant's motion for summary judgment [**Doc. #51**] is **DENIED**.

As this case will now proceed to trial, the plaintiff's motion for appointment of counsel [**Doc. #49**] is **GRANTED**. The Clerk is directed to attempt to appoint pro bono counsel from the Civil Pro Bono Panel.

**SO ORDERED** this 16th day of June 2014, at Hartford, Connecticut.

```
      _____/s/ DJS_____
              Dominic J. Squatrito
              United States District Judge
```