UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------x
                             :
JOSHUA RAMOS                 :    Civ. No. 3:11CV00679(SALM)
                             :
v.                           :
                             :
JOSHUA TRIFONE               :    October 28, 2015
                             :
-----------------------------x

## RULING ON PENDING MOTIONS TO PRECLUDE EVIDENCE AT TRIAL [DOC. ## 72, 90]

Pending before the Court are defendant Joshua Trifone ("defendant") and plaintiff Joshua Ramos's ("plaintiff") motions to preclude certain evidence from being introduced at trial, which is scheduled to commence on November 16, 2015. [Doc. ##72, 90]. Both plaintiff and defendant object to the other's pending motion. [Doc. ##75, 77]. For the reasons articulated below, defendant's motion to preclude [**Doc. #72**] is **DENIED without prejudice to renewal at trial**, and plaintiff's motion to preclude [Doc. #90] is **GRANTED in part and DENIED in part**.

## I.   BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. §1983 alleging that he was subjected to excessive force while incarcerated at Northern Correctional Institution. See Compl., Doc. #1. Specifically, plaintiff alleges that on March 8, 2010, following a recreation yard fight in which plaintiff was involved, defendant, a K-9 officer, allowed his canine "Apollo"

1

to bite the plaintiff while the plaintiff was handcuffed and lying face-down on the ground. Doc. #1 at 5-6, Doc. #54 at 3. As a result of the dog bite, plaintiff was taken to an outside hospital and received seven stiches on his right calf.[1] Doc. #1 at 6.

Defendant denies plaintiff's allegations, and contends that plaintiff, who was armed at the time of the incident, was refusing to get on the ground and drop his weapon when Apollo bit him. Defendant also asserts a qualified immunity defense.[2] See Doc. #69 at 2.

Trial in this matter is presently scheduled to commence on November 16, 2015, with jury selection to occur on November 5, 2015. See Doc. #83. In anticipation of trial, the parties have each filed a motion to preclude with respect to certain evidence the other intends to introduce at trial. See Doc. ##72, 90.

---

[1] Plaintiff initially brought claims for supervisory liability and use of excessive force against five defendants, one of which was the canine Apollo. [Doc. #1]. However, Judge Christopher F. Droney's initial review order [Doc. #4], and Judge Dominic J. Squatrito's rulings on a motion to dismiss and motion for summary judgment [Doc. ##23, 54], disposed of all defendants and claims, except for the excessive force claim at issue against Officer Trifone.

[2] It does not appear that Officer Trifone filed an Answer or Affirmative defenses in this matter. However, Officer Trifone raised a qualified immunity defense in his Motion for Summary Judgment. See Doc. #51-1

## II.  LEGAL STANDARD

The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain anticipated evidence. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citation omitted). "Indeed, courts considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context." Id. (citing Nat'l. Union Fire Ins. Co. v. L.E. Myers Co. Grp., 937 F. Supp. 276, 287 (S.D.N.Y. 1996)). "[T]he court's ruling regarding a motion in limine is 'subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected].'" Id. (quoting Luce, 469 U.S. at 41).

The Federal Rules of Evidence govern the admissibility of evidence at trial. Rule 402 permits admissibility of only relevant evidence, which Rule 401 defines as evidence having "any tendency to make a fact more or less probable than it would be without the evidence [] and the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). "Therefore, the court's determination of what constitutes 'relevant evidence' is guided by the nature of the claims and defenses in

3

the cause of action." Jean-Laurent, 840 F. Supp. 2d at 536. In an Eighth Amendment excessive force case, the "'core judicial inquiry'" is "not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

Bearing this standard in mind, and the parties' claims and defenses, the Court turns to the pending motions.

## III. DISCUSSION

### A. **Defendant's Motion to Preclude [Doc. #72]**

Defendant seeks to preclude the plaintiff from: (1) referencing or introducing as evidence the administrative investigation of Correctional Officer Badeua regarding his actions that occurred before the recreation yard fight on March 8, 2010; and (2) introducing exhibits (ix), (x), and (xi), which, according to defendant, "involve plaintiff's Freedom of Information Request for documents related to the administrative investigation of Correctional Officer Badeua prior to the recreation yard fight." [Doc. #72 at 1]. Defendant argues that these documents are immaterial, irrelevant, and not probative to the matters at issue in this action. Plaintiff objects to the motion to preclude, and argues that the defendant incorrectly frames the purpose for which plaintiff seeks to introduce the

4

exhibits. [Doc. #90 at 1]. Specifically, plaintiff claims that these documents do not relate to Officer Badeua, but rather, relate to plaintiff's grievance filed in connection with the alleged use of force. <u>Id.</u>

The plaintiff's reasons for seeking to introduce these exhibits are not related to the Badeua investigation. Rather, plaintiff contends that he seeks to introduce these documents to show that no investigation occurred regarding the alleged use of force and/or that plaintiff's grievance was "compromised," meaning that it was found to have some merit. [Doc. #90 at 1]. Defendant represents that "[t]o the extent there exist any reports or documents that involve the investigation of this defendant in this specific incident, the defendant has no objection to their introduction into evidence. However, what the plaintiff is seeking to introduce is a report that while part of the larger incident, involves a third party and does not relate to the allegations in this lawsuit." [Doc. #72 at 2 n.1]. The face of the exhibits in dispute, however, belies this characterization. Indeed, the exhibits at issue make no explicit mention of Officer Badeua or any other third party. Rather, the exhibits appear to relate to the alleged use of force at issue in this matter. Therefore, on the current record, the Court will reserve ruling on the admission of plaintiff's exhibits (ix), (x), and (xi), until plaintiff has an opportunity to lay a

proper foundation for their admission, and the Court has an opportunity to evaluate the exhibits' relevance in the appropriate factual context.[3] See Baxter Diagnostics, Inc. v. Novatek Med., Inc., No. 94 CIV. 5220 (AJP), 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998) ("[T]he Court will not rule on this motion now, but rather 'will reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context.'" (quoting Nat'l. Union Fire Ins. Co., 937 F. Supp. at 287)).

Therefore, defendants' motion to preclude [Doc. #72] is DENIED without prejudice to renewal at trial.

---

[3] Nevertheless, the Court cautions plaintiff that to the extent he seeks to introduce exhibits (ix), (x), and (xi) in connection with Officer Badeua, the Court would be inclined to grant defendant's motion to preclude. Officer Badeua is not a defendant in this matter; his actions prior to the alleged incident are not relevant to any claims or defenses and would only serve to confuse a jury. See Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: ... confusing the issues, ... [or] misleading the jury[.]"); Jean-Laurent, 840 F. Supp. 2d at 537 ("In making a Rule 403 determination, courts should ask whether the evidence's proper value 'is more than matched by [the possibility] ... that it will divert the jury from the facts which should control their verdict.'" (citations omitted)).

**B. <u>Plaintiff's Motion to Preclude</u>[4]**

Plaintiff has filed a "Memorandum of Fact and Law Concerning Evidentiary Problems." The Court construes this as a motion to preclude, and has directed the Clerk of Court to docket it as such. [Doc. #90]. Plaintiff seeks to preclude evidence of his: criminal history; disciplinary infractions or other alleged "bad acts"; alleged gang affiliation; alleged drug use; mental health history; and video footage depicting events after the alleged use of force. <u>Id.</u> at 1. Plaintiff also seeks to "limit the number of times the defendant can show the relevant video footage and limit the testimony and evidence regarding general characteristics of northern correctional institution." <u>Id.</u> Defendant has filed a response in opposition. [Doc. #75]. The Court will address each disputed evidentiary issue in turn.

**1. Plaintiff's Criminal History**

Plaintiff seeks to exclude evidence of his criminal history, and the circumstances of those crimes, arguing that "such evidence may unfairly lead the jury to believe that [he] has a violent or 'bad' character and that defendant's version of events that [plaintiff] provoked the specific use of force at

---

[4] Plaintiff does not point to any specific defense exhibits in his motion. To the extent that this ruling does not cover all of plaintiff's concerns with the defense exhibits, he should raise these issues via motion filed on ECF immediately.

issue is therefore more likely to be true." [Doc. #90 at 1]. Defendant argues that plaintiff's prior convictions should be admitted pursuant to Federal Rules of Evidence 609 and 403 as they are highly relevant and will not unduly prejudice plaintiff. Plaintiff has five prior convictions, sentenced on the following dates: (1) rioting at a correctional institution in October 2011 (Conn. Gen. Stat. §53a-179b);[5] (2) possession of weapon or dangerous instrument in correctional institution in July 2009 (Conn. Gen. Stat. §53a-174a);[6] (3) escape in the first degree in August 2007 (Conn. Gen. Stat. §53a-169);[7] (4) criminal possession of a firearm in August 2007 (Conn. Gen. Stat. §53a-217);[8] and (5) criminal possession of a pistol or revolver in January 2006 (Conn. Gen. Stat. §53a-217c).[9] See Doc. #88-1 at 1-5.

---

[5] A class B felony, Conn. Gen. Stat. §53a-179b(b), which is punishable by "a term not less than one year not more than twenty years[.]" Conn. Gen. Stat. §53a-35a(6).

[6] A class B felony, Conn. Gen. Stat. §53a-174a(b), which is punishable by "a term not less than one year not more than twenty years[.]" Conn. Gen. Stat. §53a-35a(6).

[7] A class C felony, Conn. Gen. Stat. §53a-169(b), which is punishable by "a term not less than one year not more than ten years[.]" Conn. Gen. Stat. §53a-35a(7).

[8] A class C felony, Conn. Gen. Stat. §53a-217(b), which is punishable by "a term not less than one year not more than ten years[.]" Conn. Gen. Stat. §53a-35a(7).

[9] A class C felony, Conn. Gen. Stat. §53a-217c(b), which is punishable by "a term not less than one year not more than ten years[.]" Conn. Gen. Stat. §53a-35a(7).

"Under Fed. R. Evid. 609, defendant[] [is] entitled to inquire for impeachment purposes into the nature of the crime plaintiff was convicted of, the date of disposition and the sentence imposed, if the conviction meets certain criteria." Martino v. Korch, 131 F. Supp. 2d 313, 315 (D. Conn. 2000) (citation omitted); see also Twitty v. Ashcroft, No. 3:04CV410(DFM), 2010 WL 1677757, at *1 (D. Conn. Apr. 30, 2010)("[Rule 609(a)(1)] requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' Fed. R. Evid. 403. This determination is left to the sound discretion of the district court." (citation omitted)). "Rule 609(a)(1) allows prior convictions to be used for impeachment purposes where the 'crime was punishable by death or imprisonment in excess of one year,' subject to the balancing test of Rule 403." Martino, 131 F. Supp. at 315 (quoting Fed. R. Evid. 609(a)(1)). Rule 609(b) limits the use of evidence of convictions "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b).

Here, each of plaintiff's five convictions meet the requirements of Rule 609(a)(1) and are not subject to the limitation set forth in Rule 609(b) for convictions ten years or older. As required by 609(a)(1), all five convictions are for crimes punishable by imprisonment for more than one year. See footnotes 5 through 9, supra. Because plaintiff's earliest conviction dates to January 2006, see Doc. #88-1 at 5, he has not been released from confinement for more than ten years. Accordingly, because plaintiff's felony convictions meet the requirements of 609(a)(1), the Court next turns to whether their relevance is outweighed by the danger of unfair prejudice.

In balancing the probative value against prejudicial effect under Rule 609, "courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." Daniels v. Loizzo, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citation omitted).

As to the first factor, although "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully[,]" United States v. Estrada, 430 F.3d 606, 617 (2d Cir 2005), "all Rule 609(a)(1) felonies are not equally probative of credibility." Id. Here, the plaintiff's convictions are not necessarily probative as to

honesty or veracity. See, e.g., id. at 617-18 (noting that convictions for violent or assaultive crimes generally do not relate to credibility).

Turning to the second factor, "the probative value of a conviction decreases as its age increases." Twitty, 2010 WL 1677757, at *2 (citation and internal quotation marks omitted). Here each of plaintiff's convictions occurred more than four years ago. Although defendant argues that each conviction occurred no more than four years from the alleged use of force, the Court nevertheless finds that this factor diminishes the probative value of plaintiff's convictions.[10]

The third factor pertaining to similarity of the crimes,

> "deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is." Stephen v. Hanley, No. 03-CV-6226 (KAM)(LB), 2009 WL 1471180, at *5 (E.D.N.Y. May 21, 2009). On the other hand, a conviction for a crime that bears a close resemblance to actions alleged in the current case might cause "unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts." Lewis v. Velez, 149 F.R.D. 474, 483 (S.D.N.Y. 1993).

Twitty, 2010 WL 1677757, at *2. Defendant admits that "the conduct of plaintiff in escaping from prison, possessing a

---

[10] The Court further notes that the offense dates for each of plaintiff's convictions at issue further diminishes their probative value. For example, although plaintiff's rioting conviction was entered on October 14, 2011, the offense date was more than one year prior, on March 8, 2010.

weapon in a correctional institution and rioting are similar to the conduct at issue in this case," but contends that this information will "give the jury insight into the intent and plan of the plaintiff when officers responded to the prison yard assault[.]" [Doc. #75 at 7]. Defendant further argues that evidence of plaintiff's prior convictions will "give the jury insight into the intent and plan of the plaintiff when officers responded to the prison yard assault and witnessed the plaintiff brutally attacking a fellow gang member and prisoner." [Doc. #75 at 7].

As conceded by defendant, several of plaintiff's convictions are for conduct similar to the conduct at issue in this case. These convictions "skirt too close to the impermissible suggestion that the plaintiff had a propensity toward violence and acted in conformity with his aggressive predisposition." Lewis, 149 F.R.D. at 483. Indeed, the nature of plaintiff's prior convictions, particularly those occurring during plaintiff's incarceration, would almost surely unfairly bias the jury against him. "The court is persuaded that the jury is likely to draw the inference from the nature of plaintiff's convictions that he has the propensity to engage in violent behavior." Twitty, 2010 WL 1677757, at *2. Accordingly, the third factor weighs against the convictions' admission.

Finally, the fourth factor, the importance of the credibility of the witness, weighs in favor of admitting the convictions. Here, it is undisputed that plaintiff's credibility is a central issue given that the alleged use of force occurred outside the view of cameras monitoring the recreation yard. Therefore, this factor weighs in favor of admitting the convictions for impeachment purposes pursuant to Rule 609. See Twitty, 2010 WL 1677757, at *3; see also Gora v. Costa, 971 F.2d 1325, 1330 (7th Cir. 1992) ("The idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully.").

Based on the totality of the above considerations, the Court finds that the probative value of the fact of plaintiff's felony convictions, as well as the date and the sentence imposed, outweighs their prejudicial effect. "However, the probative value of the name and nature of the convictions is substantially outweighed by the danger of unfair prejudice. Accordingly, evidence as to the date of plaintiff's [] felony convictions and the sentence is admissible; the names of the convictions is not." Twitty, 2010 WL 1677757, at *3 (compiling cases for proposition that the Court retains the discretion to limit evidence of prior conviction to fact that plaintiff was convicted of felony and the sentence imposed).

Accordingly, for the reasons stated, plaintiff's motion to preclude with respect to his felony convictions is GRANTED in part and DENIED in part.

## 2. Plaintiff's Disciplinary Infractions and Other "Bad Acts"

Plaintiff next seeks to preclude the defendant from introducing evidence of plaintiff's prison disciplinary records and other alleged "bad acts." [Doc. #90 at 4-12]. Defendant represents that other than the disciplinary infraction resulting from the incident at issue in the Complaint, "the defendant will not offer any past disciplinary infractions unless it is for impeachment purposes or the plaintiff otherwise raises it as an issue at trial." [Doc. #75 at 2].

With respect to plaintiff's past disciplinary infractions not related to the alleged use of force at issue, and in light of defendant's representation, the Court denies plaintiff's motion as moot and without prejudice to renewal at trial.

With respect to the disciplinary infraction resulting from the alleged use of force, plaintiff contends that "these disciplinary reports are not relevant to show state of mind or intent on the part of [plaintiff] or the defendant." [Doc. #90 at 8]. On the record before the Court it is not clear the purpose for which defendant intends to introduce the disciplinary infraction, and defendant should be allowed the opportunity to proffer the basis for which he seeks its

14

introduction. At the pretrial conference scheduled for November 3, 2015, defendant shall make a proffer concerning the purpose and relevancy of offering this disciplinary infraction. Accordingly, plaintiff's motion to preclude with respect to the disciplinary infraction resulting from the alleged use of force is DENIED without prejudice to renewal after such proffer is made.

### 3. Plaintiff's Alleged Gang Affiliation

Plaintiff also seeks to preclude defendant from offering evidence relating to any alleged gang affiliation. [Doc. #90 at 13]. Plaintiff argues that any such evidence is highly prejudicial and impermissible character evidence. Defendant responds that this evidence is relevant as it formed the basis of plaintiff's actions in the recreation yard, which led to the use of force at issue. [Doc. #75 at 8].

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, Rule 404(b) also provides for an exception to this rule and allows the admissibility of such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid.

404(b)(2). The Second Circuit follows "an inclusionary rule, allowing the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994) (citation omitted).

With respect to plaintiff's alleged gang affiliation, defendant proffers:

> Plaintiff's gang affiliation forms the basis of his actions, which led to the use of force. Evidence will show that plaintiff was a high-ranking gang member who committed this vicious assault upon a fellow gang member because this inmate failed and/or refused to carry out plaintiff's order for him to "terminate" another gang member. This brazen action by the plaintiff demonstrates his determination to carry out this assault at all costs and the need for the defendant to respond to plaintiff's action in the manner in which he did.

Doc. #75 at 8. Defendant further contends that it is especially important for officers to respond "quickly and swiftly to reestablish order" where an incident is gang-related. Id. at 11. Plaintiff argues that evidence of gang membership is irrelevant to any issue at trial, and there is no indication that his purported gang affiliation had any relevance to the force defendant used against him. [Doc. #90 at 13].

The Court does not find plaintiff's alleged gang membership relevant in light of defendant's proffer. Plaintiff's alleged

motivations for carrying out the assault which led to the use of force by the defendant are not relevant to the claims or defenses in this matter. There could be circumstances under which a defendant's knowledge of a plaintiff's gang affiliation could be relevant to the question of whether that defendant's actions were objectively reasonable under the circumstances confronting him at the time of the alleged use of force. See, e.g., United States v. Abel, 469 U.S. 45, 52-53 (1984) (holding that evidence of defendant and defense witness's membership in the Aryan Brotherhood was probative of bias where the gang's tenets required its members to lie and cheat to protect one another). Here, however, there is no evidence that defendant was aware of the particular motivations behind plaintiff's actions, even if defendant's assessment of those motivations was accurate. Nor is there any basis for finding that more or less force is necessary to subdue an inmate based on the reason he is involved in an altercation. In a case presenting similar facts, the Court noted that the simple assertion by defendants that a plaintiff in a prisoner excessive force case "was a known gang member," without more, does not justify admission of the gang evidence. "Defendants improperly suggest that evidence of gang membership automatically supports their argument that any level of force was used in a good faith effort to maintain or restore

discipline." <u>Joyner v. O'Neil</u>, No. 3:10CV406, 2012 WL 2576355, at *3 (E.D. Va. July 3, 2012).

Even if plaintiff's gang affiliation is relevant, its probative value is outweighed by the prejudicial effect the evidence would have on the jury. "Evidence of a witness's affiliation with a gang is highly prejudicial, especially when the gang evidence is not relevant to a central issue in a case." <u>Case v. Town of Cicero</u>, No. 10CV7392, 2013 WL 5645780, at *5 (N.D. Ill. Oct. 16, 2013) (internal citation and quotation marks omitted); <u>see also</u> <u>United States v. Reyes</u>, No. 11CR1(MRK), 2012 WL 3727995 at *2 (D. Conn. May 1, 2012) ("Evidence that a defendant is a member of a gang can be highly prejudicial" and should be treated with particular caution where membership in the gang is not an element of the offense.) "Evidence of gang affiliation must be handled with care, because a jury is likely to associate gangs with criminal activity and deviant behavior, raising the specter of guilt by association or a verdict influenced by emotion." <u>United States v. Molton</u>, 743 F.3d 479, 482 (7th Cir. 2014) (internal citation and quotation marks omitted).

Here, the probative value of the evidence regarding plaintiff's alleged gang affiliation is minimal, at best, and it "is significantly outweighed by the risk of unfair prejudice to plaintiff[]." <u>Valtierra v. City of Los Angeles</u>, No.

2:13CV07562(CAS), 2015 WL 1644894, at *3 (C.D. Cal. Apr. 13, 2015) (excluding testimony regarding civil rights plaintiff's gang affiliation); see also Anderson v. City of Chicago, No. 09CV2311, 2010 WL 4811937 (N.D. Ill. Nov. 19, 2010) (excluding evidence of plaintiff's gang affiliation in an excessive force case); Finley v. Lindsay, No. 97CV7634, 1999 WL 608706 (N.D. Ill. Aug. 5, 1999) (same); Charles v. Cotter, 867 F. Supp. 648, 658 (N.D. Ill. 1994) ("Identifying Charles as a gang member is unfairly prejudicial insofar as it encourages the inference that Charles is an evil and menacing person."). The Ninth Circuit has held that "evidence relating to gang involvement will almost always be prejudicial and will constitute reversible error. Evidence of gang membership may not be introduced ... to prove intent or culpability." Kennedy v. Lockyer, 379 F.3d 1041, 1055 (9th Cir. 2004).

Accordingly, on the record currently before the Court, plaintiff's motion to preclude evidence relating to his alleged gang affiliation is GRANTED.

## 4. Plaintiff's Alleged Drug Use

Plaintiff seeks to preclude defendant from introducing evidence of his alleged prior drug use, arguing that any such evidence is not relevant, prejudicial, and impermissible character evidence. [Doc. #90 at 13-14]. Defendant responds that he "will not offer any evidence of the plaintiff's alleged drug

use unless it is for impeachment purposes or the plaintiff otherwise raises it as an issue at trial." [Doc. #75 at 2]. In light of this representation, the Court DENIES plaintiff's motion with respect to his alleged prior drug use as moot and without prejudice to renewal at trial.

### 5. Plaintiff's Mental Health History

Plaintiff next seeks to preclude defendant from introducing evidence of his mental health history. Defendant again represents that he "will not offer any evidence of the plaintiff's mental health history unless it is for impeachment purposes or the plaintiff otherwise raises it as an issue at trial." [Doc. #75 at 2]. In light of this representation, the Court DENIES plaintiff's motion with respect to his mental health history as moot and without prejudice to renewal at trial.

### 6. Video Footage of Incident

Plaintiff also seeks to exclude video footage depicting events following the alleged use of force, beginning when Mr. Ramos is escorted to the medical room for evaluation of his injuries. [Doc. #90 at 15]. Plaintiff argues that this evidence is cumulative, wastes judicial resources, and is prejudicial as it depicts "irrelevant 'bad acts.'" Id. Plaintiff also seeks to limit the number of times defendant can show the relevant video footage to the jury. Id. at 16. Defendant seeks to admit the

entirety of the video footage, arguing that it "will demonstrate not only the viciousness of plaintiff's attack, but more importantly the reasonableness of defendant's actions, the demeanor and condition of plaintiff following the incident, and the very limited injury sustained by the plaintiff following the incident." [Doc. #75 at 14].

Defendant submitted three CDs under seal, which collectively depict the entirety of the video at issue in plaintiff's motion. The first CD is a video of the recreation yard incident, and the correctional officers' response giving rise to plaintiff's claim. The duration of this video is approximately ten minutes. Plaintiff "does not seek to exclude any portions of the video that are relevant to the use of force against him." [Doc. #90 at 16]. Accordingly, the Court will permit the entirety of that portion of the video depicting the recreation yard incident, as well as the correctional officers' immediate response to the incident.

The next CD, which contains a video lasting 50 minutes, depicts plaintiff after the alleged use of force, including his escort to the medical room for treatment, and his sitting in restraints while guarded by several correctional officers. The third video, lasting 38 minutes and 27 seconds, is a continuation of the second video, and similarly depicts plaintiff sitting in restraints while guarded by several

correctional officers. This portion of the video also shows plaintiff receiving further medical attention for his injury, including the suturing of his wound, all while remaining in hand and foot restraints.

After reviewing the video footage, the Court agrees with plaintiff that the entirety of the video should not be shown to the jury. Indeed, the video contained on the second and third CDs, totaling nearly an hour and a half, would waste the jury's time, is not particularly probative, and is likely to be cumulative of the testimonial and documentary evidence at trial. Although defendant offers that this footage is probative of plaintiff's demeanor and condition following the incident, this evidence can be conveyed through testimony of the correctional officers and medical staff who attended to plaintiff following the alleged use of force. Accordingly, the Court GRANTS plaintiff's motion to the extent that it seeks to preclude the admission of the video following the alleged use of force at issue. See Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: ... undue delay, wasting time, or needlessly presenting cumulative evidence.").[11]

---

[11] However, should plaintiff's testimony contradict the evidence in the excluded portions of the videos, the Court will permit defendant to introduce additional portions of the video for impeachment purposes.

Last, plaintiff seeks to limit the number of times defendant may show the relevant video footage, contending that "[t]he repeated expos[ure] to the events leading up to excessive force will cause the jury to confuse the issues in this case." [Doc. #90 at 17]. Notably, plaintiff fails to cite to any authority supporting this position. The Court DENIES plaintiff's motion with respect to limiting the number of times the relevant video footage may be shown. The Court will not dictate how defendant presents his defense to plaintiff's claims. Should the defendant articulate a legitimate reason that the admitted video should be shown to a particular witness who was present for and/or involved in the incidents depicted, the Court will allow it. To the extent that "repeated exposure" causes plaintiff prejudice, this may be cured through an appropriately crafted jury instruction.

## 7. Evidence re: Northern Correctional Institution

At the time of the incident in question, plaintiff was incarcerated at Northern Correctional Institution ("Northern"), which, per defendant, "is reserved for the most dangerous and problematic inmates in the correctional system." [Doc. #75 at 16]. Plaintiff seeks to limit the evidence presented concerning the general characteristics of Northern, including: its status as a maximum security facility; the nature of the inmates housed there; and statistics concerning other inmate "incidents." [Doc.

#90 at 17]. Plaintiff argues that such evidence is tantamount to impermissible character evidence prohibited by Rule 404. Id. Defendant argues that evidence regarding the general aspects and characteristics of Northern "goes to whether the force used against the plaintiff was excessive or reasonable under the circumstances and it also goes to the underlying state of mind of the defendant." [Doc. #75 at 15].

Evidence of the general characteristics of Northern is relevant to the question of whether defendant's actions were objectively reasonable under the facts and circumstances confronting him at the time of the alleged use of excessive force. Indeed, evidence of Northern's general characteristics directly bears on the objective reasonableness of defendant's conduct, and is therefore relevant to the claim asserted. However, statistical evidence regarding prior unrelated incidents is not relevant, and provides no support for the claims or defenses in this case.

Plaintiff argues that the probative value of this evidence is substantially outweighed by the risk of unfair prejudice because the jury may infer that because plaintiff was incarcerated at Northern, he is a "bad" person. [Doc. #90 at 17]. Rule 403 of the Federal Rules of Evidence provides that a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, among

other reasons. See Fed. R. Evid. 403. A trial judge's rulings with respect to Rule 403 are entitled to considerable deference and will ordinarily not be overturned absent an abuse of discretion. Costantino v. Herzog, 203 F.3d 164, 173 (2d Cir. 2000). Although evidence of Northern's general characteristics may prejudice plaintiff, the Court does not find that, on balance, the probative value of this evidence is substantially outweighed by unfair prejudice. Indeed, the Seventh Circuit came to a similar conclusion in an excessive force case presenting the same evidentiary issue:

> The evidence that the scuffle took place in the confinement unit reserved for inmates with a propensity for violent behavior was not inadmissible "character evidence." It was relevant to the issue whether the force used against West was excessive or reasonable under the circumstances ... Defendants' assessment of the danger posed by the situation in that unit bears on the issue whether they acted reasonably and in good faith ... That defendants were dealing with an inmate housed in the special confinement unit rather than with a trust[ee] housed on a prison farm is clearly relevant to their assessment of the danger posed and the amount of reasonable force to be applied. This evidence bearing on defendants' states of mind was admissible under Rule 404(b). Crawford v. Edmonson, 764 F.2d 479, 484 (7th Cir. 1985); Carson v. Polley, 689 F.2d 562, 573 (5th Cir. 1982). The reality of this case is that plaintiff is a felon housed in a state prison, which itself suggests that his character is not entirely above reproach. We conclude that the trial court did not abuse its discretion in admitting this evidence.

West v. Love, 776 F.2d 170, 174 (7th Cir. 1985).

Moreover, to the extent that evidence of Northern's general characteristics unfairly prejudices plaintiff, any such risk can be cured through an appropriately crafted jury instruction. See James v. Tilghman, 194 F.R.D. 408, 420-21(D. Conn. 1999) (finding that the court's jury instructions cured any prejudice caused by defense counsel's statements that a certain correctional institution's inmates were the "worst of the worst"). Accordingly, plaintiff's motion with respect to evidence regarding Northern is GRANTED in part and DENIED in part. Defendant may introduce evidence regarding the general characteristics and purpose of Northern, but may not, on this record, introduce statistics regarding other incidents at the facility.

**IV.   CONCLUSION**

Therefore, for the reasons stated, defendant's motion to preclude [**Doc. #72**] is **DENIED without prejudice to renewal at trial**, and plaintiff's motion to preclude [**Doc. #90**] is **GRANTED in part and DENIED in part**.

A final pre-trial conference is scheduled in this matter for November 3, 2015, at 10:00AM. Jury selection is scheduled for November 5, 2015, at 9:00AM, with evidence to commence on November 16, 2015, at 9:00AM.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. #76] on July 20, 2015, with appeal to the Court of Appeals.

SO ORDERED at New Haven, Connecticut this 28th day of October 2015.

```
                              /s/
                    _____
                    HON. SARAH A. L. MERRIAM
                    UNITED STATES MAGISTRATE JUDGE
```